# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRIFFITH,<br><br>　　　　　　Plaintiff,<br>　vs.<br><br>WELLS FARGO BANK, N.A.; T.D. SERVICE COMPANY; AND CALIFORNIA BANK & TRUST,<br><br>　　　　　　Defendants. | CASE NO. 10cv1725-LAB (BGS)<br><br>**ORDER DISMISSING DEFENDANTS; AND**<br><br>**ORDER OF DISMISSAL** |

Defendant Wells Fargo Bank removed this action from California state court on August 18, 2010 on the basis of diversity jurisdiction. Wells Fargo and Plaintiff are diverse, and the amount in controversy is approximately $3 million. Although two Defendants, California Bank & Trust ("CBT") and T.D. Service Company, are non-diverse, Wells Fargo in its notice of removal argued they are sham defendants their citizenship should therefore be disregarded. Neither of these Defendants has appeared, and Plaintiff has filed no proof of service on either. Nor has Plaintiff made any apparent effort to prosecute claims against them.

Wells Fargo filed a motion to dismiss CBT and T.D. Service as sham defendants, and a motion to dismiss this action for failure to state a claim. The hearing date for both motions is October 4, so under Civil Local Rule 7.1(e)(2), Plaintiff's opposition was due

1  September 20. Plaintiff filed no opposition, however, and Wells Fargo filed a "reply" briefing
2  pointing out his failure to oppose the motion. Plaintiff is represented by counsel, and his
3  counsel is registered for electronic case filing in this district.

4  Before proceeding further, the Court is obligated to examine and confirm its own
5  jurisdiction. *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999).
6  Although Wells Fargo removed this action on the basis of diversity jurisdiction, the Court can
7  rely on any basis for its jurisdiction. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977
8  (9th Cir. 2006) ("Once a case has been properly removed, the district court has jurisdiction
9  over it on all grounds apparent from the complaint, not just those cited in the removal
10 notice.")

11  While dismissal of CBT and T.D. Services as fraudulently joined would confirm the
12  Court's diversity jurisdiction, *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th
13  Cir. 1987), the complaint is not particularly clear about what relief it seeks against CBT and
14  T.D. Service. But it is clear that Plaintiff is attempting to bring claims arising under federal
15  law, and this adequately supports the Court's exercise of jurisdiction.

16  Plaintiff contends Wells Fargo "has a legal and equitable obligation to fashion a
17  workout plan that would allow PLAINTIFF to retain his home." (Compl., ¶ 32.) This
18  obligation, according to the complaint, arises because Wells Fargo accepted federal funds
19  under the Troubled Asset Relief Program. (*Id.*, ¶¶ 18, 32.) Although the complaint doesn't
20  cite statutory provisions, the claims are based in large part on an argument that Emergency
21  Economic Stabilization Act of 2008 obligated Wells Fargo to offer Plaintiff a workout plan on
22  his mortgage. No other statute or law is identified as a source of this obligation. The fact
23  that this claim appears non-meritorious[1] does not deprive the Court of jurisdiction. *See Citta*
24  *v. Delaware Valley Hosp.*, 313 F. Supp. 301, 307 n.1 (E.D.Pa. 1970). Because adjudication
25  of Plaintiff's claims would require construction and application of a federal statute, federal
26  question jurisdiction is proper.

---

[1] *See Santos v. Countrywide Home Loans*, 2009 WL 3756337, at *2–*3 (E.D.Cal., Nov. 26, 2009) (rejecting federal- and state-law-based claims that lenders were required to offer mortgagor a feasible loan modification).

Civil Local Rule 7.1(f)(3)(c) provides that failure to oppose a motion may constitute consent to its being granted. The Court so construes Plaintiff's failure to oppose the motions to dismiss CBT and T.D. Service as Defendants, and to dismiss the complaint.

CBT and T.D. Service are therefore **DISMISSED** as Defendants, and the complaint is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim. The hearing on calendar for Monday, October 4, 2010 is **VACATED**.

**IT IS SO ORDERED**.

DATED: September 29, 2010

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge